*19 MEMORANDUM ***
Creditor-Appellant Randall Jacobs filed a claim in the bankruptcy court seeking an administrative expense priority based on a certificate of indebtedness issued to him by Debtor-Appellee Audre, Inc. Jacobs also brought a claim on behalf of Robert Geras and Jerold Siegan for an administrative expense priority based on a $44,000 loan they allegedly made to Audre. The bankruptcy court denied Jacobs’s claim that was based on the certificate of indebtedness for failure to comply with the provisions of the court’s Sale Order authorizing the sale of such certificates. The bankruptcy court also concluded that Geras and Siegan failed to comply with the court’s orders regulating Audre’s post-petition incursion of debt, but allowed the claim as an unsecured non-priority claim. Jacobs appealed to the Bankruptcy Appellate Panel, which affirmed the bankruptcy court. This appeal follows.
The bankruptcy court determined that the essential issue was whether Jacobs was in fact a “purchaser” of a Class A Certificate under the Sale Order. Investors had paid money into a trust account that was to be used to pay Jacobs’s legal fees and purchase Class A Certificates. Jacobs claims to have purchased Class A Certificates with money from the trust fund prior to earning the money. The bankruptcy court rejected Jacobs’s argument that the transaction as it occurred was the same as if he had drawn his attorney fees from the escrow account and then used those funds to purchase Class A Certificates. Rather, the bankruptcy court opined, “the process as it actually worked was the same as if there was no money in the escrow account for Jacobs to draw on,” and thus as he continued to work he increased a debt that Vector, rather than Audre, owed to him. Appellant’s App. at 115. We agree with the bankruptcy court. Jacobs had no right to the funds before he had earned them and thus was not a “purchaser” of the Class A Certificates under the sale order.
Jacobs argues that the denial of an administrative expense violates 11 U.S.C. § 364(e). Section 364(e) provides that reversal or modification of a financing order on appeal “does not affect the validity of any debt so incurred, or any priority or lien so granted, to an entity that extended such credit in good faith.” Jacobs argues that he extended credit to Audre in good faith, and therefore it violates § 364(e) to deny his claim based on the Sale Order. In this case, however, the financing order was has never been reversed or modified. Rather, the bankruptcy court simply determined that the transaction did not fall within the scope of the Sale Order and thus was not eligible for the priority. Therefore, § 364(e)’s protection of creditors is irrelevant.
Jacobs argues in the alternative that he should be granted an administrative expense under 11 U.S.C. § 503(b)(1)(A), which states that “[a]fter notice and a hearing, there' shall be allowed administrative expenses, ... including ... the actual, necessary costs and expenses of preserving the estate.” Jacobs first made this argument in his motion for reconsideration. He claims he raised the issue properly because his initial petition cites to § 503. There was no suggestion in Jacobs’s thirty-eight-page brief to the bankruptcy court that he was arguing that § 503(b)(1)(A) provided an independent basis for granting an administrative expense priority. Because Jacobs *20 failed to properly raise this issue, it has been waived. In re Marvin Props., Inc., 854 F.2d 1183, 1187 (9th Cir.1988); see also Beech Aircraft Corp. v. United States, 51 F.3d 834, 841 (9th Cir.1995). Jacobs also attempts to argue that equity demands the return of his funds. This argument was first raised in this court and has therefore been waived.
Jacobs contends in his brief that the bankruptcy court erred in denying administrative expense priority to Geras and Siegan’s claim for money loaned to Audre while allowing their claim as an unsecured non-priority claim. The bankruptcy court found that there was no evidence that the transfer of funds constituted a loan rather than “some form of capital contribution.” Appellant’s App. at 119. Without any evidence as to the true nature of the transfer, the bankruptcy court decided to allow the claim, but only as an unsecured claim. In light of the bankruptcy court’s findings that there was no evidence that the transfer was, in fact, a loan and that it did not comply with court orders, the court was entitled to deny the claim administrative expense priority. The party aggrieved by the bankruptcy court’s decision to allow the claim as an unsecured non-priority claim, rather than to deny the claim in its entirety, is Audre. Audre has not, however, appealed this issue, and we therefore decline to address it.
AFFIRMED.

 xhiS disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.